# KING & SPALDING

King & Spalding LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, D.C. 20006-4707
Tel: +1 202 737 0500
Fax: +1 202 626 3737
www.kslaw.com

Paul Alessio Mezzina
Partner
Direct Dial: +1 202 626 8988
pmezzina@kslaw.com

April 15, 2024

**VIA ECF**

Ms. Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Sullivan v. Barclays*, Nos. 19-1769, 19-2012

Dear Ms. Wolfe:

    Plaintiffs' supplemental authority, *Oklahoma Firefighters v. Banco Santander*, 92 F.4th 450 (2d Cir. 2024), does not support personal jurisdiction here.

    In *Santander*, defendants (through agents) allegedly "sold billions of dollars' worth of price-fixed bonds" from New York, including to plaintiffs. *Id.* at 453. In finding personal jurisdiction, this Court carefully distinguished *Charles Schwab Corp. v. Bank of America Corp.*, 883 F.3d 68 (2d Cir. 2018), which found jurisdiction for "claims based on in-forum sales of manipulated instruments" but *not* for claims "based solely on … out-of-forum LIBOR submissions." *Santander*, 92 F.4th at 460. The Court explained that *Schwab* had "paid special attention to the legal theories linking the manipulation and sales" because "[t]he conspiracy alleged … was to manipulate LIBOR," which "itself was not bought and sold" but "was incorporated into financial instruments that were then sold to the *Schwab* plaintiffs by some (but not all) of the alleged conspirators." *Id.* By contrast, in *Santander*, there was "little need to police the line between the alleged wrongdoing and sales" because "[r]ather than being incorporated by reference, the wrongdoing [was] baked into the product itself." *Id.*

    This case is like *Schwab* and unlike *Santander*. Euribor, like LIBOR, is an interest-rate benchmark that was at most "incorporated into financial instruments" that "some (but not all)"

defendants sold to plaintiffs in the U.S. *Id.* As in *Schwab*, the fact that plaintiffs bring identical claims against seller and non-seller defendants (including ICAP, which did not sell or broker any products in the U.S.) confirms that their claims are not related to U.S. sales. Doc. 241 at 24. Indeed, the connection to U.S. sales is weaker here than in *Schwab* because some of the instruments here did not incorporate Euribor at all. *Id.* at 37-42. And whereas the *Schwab* plaintiffs alleged LIBOR was continuously suppressed, plaintiffs here allege that rogue traders manipulated Euribor episodically and in varying directions to gain an advantage on specific trades. Plaintiffs do not tie those sporadic episodes of alleged manipulation to any sale of Euribor-related instruments by defendants into the U.S., let alone to plaintiffs. *Id.* at 24.

        Respectfully submitted,

        */s/ Paul Alessio Mezzina*
        Paul Alessio Mezzina

        *Counsel for The Royal Bank of Scotland plc*
        *(n/k/a NatWest Markets plc)*

cc: All Counsel of Record (via ECF)