

April 22, 2024

**BY CM/ECF**
Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Sullivan v. UBS AG*, No. 19-1769

Dear Ms. O'Hagan Wolfe,

Plaintiffs-Appellants hereby respond to Defendants-Appellees' letter regarding *City of Pontiac Police & Fire Retirement System v. BNP Paribas Securities Corp.*, 92 F.4th 381 (2d Cir. 2024) ("*Treasuries*").

Defendants-Appellees' letter lists purported similarities between this case and *Treasuries* but omits what is, unquestionably, the most important point of comparison. In *Treasuries*, the DOJ investigation that undergirded the plaintiffs' complaint concluded without "enforcement proceedings, charges, guilty pleas, settlements, or fines or disgorgement." *Id.* at 393. Accordingly, this Court found it "far from clear that" this investigation "would, in the absence of more substantial allegations, weigh in favor of the complaint's plausibility." *Id.* at 405.

Here, by contrast, Defendants have paid over $7 billion in fines and penalties to U.S. and foreign regulators for the very conduct alleged in Plaintiffs' complaint. See JA2516 (FAC ¶134); JA852-1547 (regulatory findings and admissions). The European Commission has found that Defendants participated in a "**Euro Interest Rate Derivatives cartel**," JA2617, the exact conspiracy Defendants call implausible. Meanwhile, seeking protection under the Antitrust Criminal Penalty Enhancement and Reform Act ("ACPERA"), Defendants' co-conspirator Barclays turned itself in to DOJ for manipulating Euribor and Euribor-based derivatives—providing much of the evidence recited in Plaintiffs' complaint. JA2469, JA2515-16. Accordingly, this Court has already easily found—based on similar facts and parallel admissions in the very same regulatory actions—that Defendants' conspiracies to manipulate other interbank offered rates were plausibly alleged. *See, e.g.*, *Gelboim v. Bank of Am. Corp.*, 823 F.3d 759, 781-82 (2d Cir. 2016) (Jacobs, J.) ("Close cases abound on this issue, but this is not one of them; appellants' complaints contain numerous allegations that clear the bar of plausibility.")

The rule is now clear that allegations "evinc[ing] a common motive to conspire," alongside a "high number of interfirm communications," suffices to plausibly plead a conspiracy. *Id.*; see *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 270 (2d Cir. 2023) (citing same). Even ignoring all that Defendants have admitted and regulators have found, Barclays'

www.lowey.com

44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777

<-'->
<-'->
<-'->


<-'->

ACPERA disclosures include many "interfirm communications" that are literal transcripts of antitrust crimes. See Br. 11, 35-38. The alleged conspiracy is thus obviously "plausible."

Very truly yours,

/s/ Vincent Briganti
Vincent Briganti

cc:  Counsel of record via CM/ECF